JOHN BIRD and another, in equity *vs.* H. H. CLEVELAND, assignee.

Knox.    Opinion December 28, 1886.

*Insolvent law. Assignee. Dividend. Equity.*

The Supreme Judicial Court, as a court of equity, has supervisory rather than concurrent jurisdiction with the insolvent court; and it will not order an assignee to declare and pay a dividend until application has first been made to the insolvent court.

ON report by the presiding judge, with the consent of the parties, upon bill and demurrer.

*C. E. Littlefield,* for the plaintiffs.

Section 32 of the insolvent act provides that the assignee shall give a bond, but no remedy is provided for the creditors on the bond.

Section 39 of the act, provides that the register shall give not less than five days notice of all dividends about to be declared to all creditors, named in the schedule of debts. No such notice has been given.

But inasmuch as this notice is a prerequisite to a dividend until given, the assignee cannot pay and is not liable for the dividend, and as, until then, it cannot be determined how many

claims will be proved within the five days, and it is, therefore impossible to determine the amount recoverable by the plaintiff, it is obvious that no action would lie to recover what was not payable or an amount which could not be definitely and legally determined.

In defining the powers of the court under this section, the court in 71 Maine, 155, said: "This clause refers to cases involving the rights of the assignee, debtor and creditors, as between themselves in the management and distribution of the assets." This seems to cover the case at bar.

J. H. Montgomery, for the defendant.

FOSTER, J. The plaintiffs are creditors of John H. Parker, who, on the 15th day of June, 1883, was duly adjudged an insolvent debtor, and upon whose estate the defendant was appointed assignee.

This bill is filed under R. S., c. 70, § 11, by which it is enacted that "the Supreme Judicial Court has full equity jurisdiction in all insolvent matters," and alleges that the plaintiffs, as creditors of said Parker, have duly proved their claim of $308.08; that the defendant has settled his account in the insolvent court, and there remains in his hands, after paying all expenses, charges and preferred claims, the sum of $333.51 for distribution among the creditors of said estate who had proved or might prove their claims before dividend made. It also avers that "a large number of creditors have proved their claims against said estate;" that no dividend has ever been declared or paid to said creditors by the defendant, or notice given by the register to any of the creditors, and that the defendant refuses to declare or pay any such dividend or to procure the register to give the notice required by law, or to disburse the sum in his hands to the creditors of the estate. The prayer is, that the defendant be ordered to require the register to notify the creditors of an intended dividend, and thereafter that the defendant pay a dividend to all the creditors who shall then have proved their claims.

To this bill the defendant demurs, and the case is before the court on the bill and demurrer.

Taking the allegations in the bill to be true, as we are bound to do upon demurrer, it sets forth no case falling within the equity jurisdiction of this court relating to insolvency proceedings. While the language of the statute is broad and comprehensive in regard to the equity powers of this court, in such proceedings, yet it is not without limitation in its application. Its jurisdiction is supervisory rather than concurrent. In our own State, the statute in question has been before the court and received an interpretation which is in harmony with that expressed by the decisions of the court in Massachusetts, where a somewhat similar provision has existed for many years, and frequently been the subject of judicial decision. And it appears to be settled that it was the evident intention of the legislature to confer upon this court, sitting as a court of equity, full supervisory jurisdiction to revise the proceedings, orders and decrees of the insolvent court, in cases where no other remedy is given by statute. *Harris* v. *Peabody*, 73 Maine, 266 ; *Lancaster* v. *Choate*, 5 Allen, 538 ; *Barnard* v. *Eaton*, 2 Cush. 301, 302 ; *Harlow* v. *Tufts*, 4 Cush. 452 ; *Winchester* v. *Thayer*, 129 Mass. 133.

In the case of *Harlow* v. *Tufts*, *supra*, the court say : " It may be proper, however, to remark, that, although the power thus conferred on the court, is general, they will consider, in the exercise of it, the purpose for which it was given, namely, to reach cases not otherwise provided for ; and they will probably therefore, be slow to exercise it, until other remedies, to be obtained in the ordinary course of proceeding, have been exhausted."

By § 39 of the insolvent law, it is made the duty of the assignee, whenever he receives from the estate, assets available to pay a dividend equal to twenty-five per cent of the debts proved, exclusive of expenses, to declare and pay such dividend and render an account thereof to the judge ; and for each twenty-five per cent of assets received, to make a like dividend ; and a final dividend at such time as the judge directs. But no

dividend is to be paid or declared, without the approval of the court, entered of record.

The allegations of the plaintiff's bill may all be true, and the defendant not in fault. The assignee is not, by law, obliged to declare a dividend unless it be a final one, or such as the court may order, until the amount collected by him amounts to twenty-five per cent of the debts proved, exclusive of expenses. While the bill specifically states the amount of the plaintiff's debt proved it also sets forth that "a large number of creditors have proved their claims against said estate." What the amount of the debts proved is, does not appear; nor is it alleged that the amount in the hands of the assignee, exceeds twenty-five per cent of the debts proved against the estate.

Furthermore, the declaring or paying a dividend is not at the motion of the assignee only. He is not authorized to declare or pay any dividend without the approval of the insolvent court obtained and entered of record—nor a final one till such time as the judge of the court of insolvency directs. The main question raised is *when* a dividend shall be made,—not what it shall be, or to whom,—a question over which the insolvent court would seem to possess primary jurisdiction. If the assignee has delayed to declare a dividend beyond what parties interested deem a reasonable time, application to the judge of the insolvent court, to whom the assignee has given bond for the faithful discharge of his duties, and who may remove him at any time for good cause shown (§31,) might afford ample remedy, and would appear to be the appropriate course to pursue in the first instance. Such were the views of the court in *Lincoln* v. *Bassett*, 9 Gray, 357; which was a bill in equity against an assignee of an insolvent estate, who had received in cash from the estate a sum exceeding five thousand dollars, but had never rendered any account, nor declared or paid any dividend, notwithstanding the requirement of the statute that within eighteen months from the time of the assignee's appointment, his account should be produced and settled and a dividend made. In that case BIGELOW, J., said: "So far as the bill goes on the ground of a neglect by the assignee to render his accounts in

due season, and to make a dividend according to law among the creditors of the insolvent, it is open to the objection that the proper remedy in such case is to apply in the first instance to the court having original jurisdiction of the insolvent proceedings." *Glenny* v. *Langdon*, 98 U. S. 28-9-30.

In the case at bar, it does not appear that any application has ever been made to the judge of the insolvent court, or that the remedy to be obtained in the ordinary course of proceeding has been exhausted, or even invoked. There is no reason shown by the allegations in the bill, that the assignee might not properly refuse to declare a dividend on the individual application to him of the plaintiff. Nor is there any claim that the judge has been derelict in his duty,—or refuses to exercise that discretion with which he is invested by the provisions of the statute as to the time in which he may direct the defendant to declare a final dividend.

While this court, in the exercise of its supervisory jurisdiction in equity over the proceedings, orders and decrees of the insolvent court, will, in proper cases, make such orders and give such directions as the law and the rights of the parties may require, yet, as was said by the court in *Lancaster* v. *Choate, supra*, "it is a power to be exercised with great caution ; not in cases where there has been *laches* in the court of insolvency, but only where the party complaining can show that he has been aggrieved and has pursued his remedy diligently."

*Bill dismissed with costs.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and HASKELL, JJ., concurred.